944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose YANEZ, Defendant-Appellant.
 No. 90-30182.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1991.*
Decided Sept. 12, 1991.
 
 1
 Before EUGENE WRIGHT and O'SCANNLAIN, Circuit Judges, and MACBRIDE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Yanez challenges his conviction on one count of conspiring to distribute cocaine with four known conspirators and unknown others on grounds that the government's conspiracy theory improperly alleged not one conspiracy but three. He also claims to have been prejudiced by the admission of evidence that he possessed cocaine the day he turned himself in to police. WE AFFIRM.
 
 
 4
 * Yanez contends that he was involved in three sub-conspiracies rather than one large conspiracy. Even if Yanez is correct, this contention is of no matter if the defendant is "the common center into which the various spokes of these conspiracies ran." Canella v. United States, 157 F.2d 470, 478 (9th Cir.1946). A review of the evidence indicates that Yanez was a common center of the various sub-conspiracies and that he was not convicted on any evidence relating to sub-conspiracies that did not involve him.
 
 
 5
 There are three spokes in the government's conspiracy theory as presented at trial. The three spokes involved evidence concerning Virgil Bozarth, the Rael brothers and Robert McCullough.
 
 
 6
 Testimony indicated that three times during negotiations with an undercover agent, Virgil Bozarth attempted to reach his cocaine source, a Mexican to whom Bozarth claimed to have recently sold a house. Telephone company records show that phone calls to Yanez's number were made three times from the public phones Bozarth was using. Documents produced at trial indicated that Yanez had bought a house from Bozarth's son.
 
 
 7
 Just after leaving a house Yanez had previously rented under an assumed name, the Rael brothers, Edward and Gilbert, were arrested for selling two kilograms of cocaine to DEA agents. Documents left by the police at the Rael house were later found when the police executed a search warrant of Yanez's house.
 
 
 8
 One of the Rael brothers introduced Robert McCullough to Jose Yanez. McCullough testified that, before switching to another source, McCullough used Yanez as a source of cocaine. At trial, McCullough's girlfriend, Sandra Duffy, denied buying cocaine from Yanez but was impeached by her grand jury testimony in which she testified that she had purchased cocaine from Yanez.
 
 
 9
 Viewing the evidence in the light most favorable to the government, this court determines whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The evidence was sufficient to support the conspiracy conviction.
 
 II.
 
 10
 Yanez also claims that the district court erred in admitting evidence that Yanez abandoned a small bag of cocaine in the police car that transported him after he turned himself in to police. He claims the evidence could not be admitted on any theory except Federal Rule of Evidence 404(b) and that the evidence does not meet the requirements of 404(b). Yanez also argues that Rule 403 requires the cocaine be excluded because the probative value of the possession evidence is outweighed by the prejudice caused by its introduction.
 
 
 11
 Whether the cocaine was evidence of the instant offense or "other acts" evidence under Rule 404(b) is a question of law that is reviewed de novo. See United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) cert. denied 469 U.S. 824 (1984). Yanez's possession is admissible either as direct evidence of the conspiracy or as evidence properly submitted under Rule 404(b).
 
 
 12
 The trial court found this evidence to be both relevant and probative because it connected the defendant with cocaine, the controlled substance that was the subject of the conspiracy. Yanez argues that the cocaine possession could not be relevant to the conspiracy because the conspiracy had ended once all participants were in custody or cooperating with the authorities. We review decisions regarding the relevance of evidence for abuse of discretion. United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989). The trial court did not abuse its discretion. Not all conspirators were in custody or cooperating. A number of unnamed conspirators were still at large including the woman who accompanied Yanez to rent the house the Rael brothers occupied, as well as the individuals to whom Yanez wired money.
 
 
 13
 The evidence was also admissible under 404(b). Yanez argues that the relevant conduct does not meet the 404(b) test of admissibility because it is not a prior act; it is a subsequent act. The standard of review governing 404(b) admissions is abuse of discretion. United States v. Ford, 632 F.2d 1354, 1375 (9th Cir.1980) cert. denied, 450 U.S. 934 (1981). Even assuming arguendo that the possession was subsequent to the conspiracy's termination, evidence of subsequent crimes are admissible if relevant. United States v. Ayers, 924 F.2d 1468, 1473 (9th Cir.1991).
 
 
 14
 Finally, the court did not abuse its discretion in admitting this evidence in light of the fact that the probative value of the cocaine possession substantially outweighed any unfair prejudice. Kessi, 868 F.2d at 1107.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 Honorable Thomas J. MacBride, Senior United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3